J-S54025-18

2019 PA Super 62

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :   PENNSYLVANIA
                                         :
           v.                              :
                                         :
                                         :
BRIAN D. TANNER                    :
                                       :
           Appellant            :   No. 211 WDA 2018

Appeal from the PCRA Order January 23, 2018
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000060-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

CONCURRING AND DISSENTING STATEMENT BY LAZARUS, J.:

FILED: February 27, 2019

I fully join in the majority's considered analysis of the claims raised on appeal by Tanner.  I write separately, however, because I diverge from the majority's ultimate disposition in the instant case.

The majority equates the plea negotiations in this matter with the situation in Melendez-Negron, and believes that Tanner's entire guilty plea should be vacated on appeal due to a "shared misapprehension."  123 A.3d at 1093-94.  In my opinion, I find that this result "jumps the gun" and usurps the trial judge's role upon remand.  In Melendez-Negron, the Commonwealth specifically stated that in agreeing to the mandatory minimum sentence, later determined illegal under Alleyne, it "gave up the opportunity to seek sentences on the drug paraphernalia and small amount of marijuana charges."  Id. at 1092.

Here, the trial judge should be given the first opportunity to determine whether and to what extent the restitution portion of Tanner's plea, based upon the now-invalid premise that both the Township and Selective were victims under section 1106, played a role in the ultimate negotiated sentence. We have no way of knowing what factors the trial court took into consideration before accepting the plea agreement. The change in the law pursuant to Veon, which was decided more than seven months after the Commonwealth negotiated Tanner's plea, may very well have affected the plea agreement both in terms of what the Commonwealth offered to Tanner and what may have been accepted by the trial court.

The majority is correct that both the Commonwealth and the defendant are entitled to the benefit of their bargain. However, the determination of exactly what was the extent of that bargain must first be made before we sweepingly vacate the plea. Once that critical question is answered, then the trial court can either re-impose the same sentence or the parties can be permitted to renegotiate or proceed to trial.